**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CONCEPCION CASTELLANOS DE RENTERIA,

Plaintiff,

v.

TD BANK, NATIONAL ASSOCIATION,

Defendant.

Case No. 1:26-cv-27012

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Concepcion Castellanos de Renteria ("Plaintiff"), by and through her attorney, for her Complaint against Defendant TD Bank, National Association ("Defendant"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

## PARTIES

1. Plaintiff Concepcion Castellanos de Renteria is a natural person and resident of Mexico.

2. Defendant TD Bank, National Association is a national bank organized and existing under the laws of the United States, with its principal place of business in Portland, Maine. Defendant conducts banking business in Florida through its Florida branches and offices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2), in that this is a civil action between a citizen of a State and a citizen of a foreign state, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Additionally, Florida Statutes and the exercise of jurisdiction comport with due process because the claims arise from TD Bank's purposeful Florida contacts.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(3), in that Defendant is subject to personal jurisdiction in this district, and there is no other district in which the action may otherwise be brought.

## FACTS

**Plaintiff's Checking Account with Defendant**

5. In or around 2019, Plaintiff opened a TD Convenience Checking Account ("Checking Account"), ending in -6260, with Defendant, and became a depositor thereof.

6. Plaintiff deposited from time-to-time sums of money in her Checking Account under the customary and ordinary rules and regulations applicable to banking institutions.

7. Defendant promised and agreed, among other things, to hold the deposited monies in this Checking Account for the account of Plaintiff and repay the deposited monies on the proper order of Plaintiff.

8. On or around May 2026, Plaintiff, as Seller, and Samir Alberto Ibrahim Chacon ("Samir"), as Buyer, executed a contract for the sale of an apartment located in Caracas, Venezuela (the "Contract").

9. As payment pursuant to the Contract, Samir wrote two checks to Plaintiff with his business, IOM Investments LLC, as payor. *See* Checks, **Exhibit 1**.

10. The first check was for a total of $40,000.00, which was deposited into Plaintiff's Checking Account on or around May 27, 2026.

11. The second check was for a total of $71,350.00, which was deposited into Plaintiff's Checking Account on or around June 2, 2026.

12. On or around June 3, 2026, Defendant sent Plaintiff a letter informing Plaintiff that a hold was placed "on a deposit(s)," but that her "funds [would] be available no later than seven business days after the date of deposit."

13. Subsequently, on or around June 8, 2026, Defendant sent Plaintiff another letter.

14. In this letter, Defendant informed Plaintiff that they "are closing [Plaintiff's] TD Bank deposit account(s) . . . effective immediately."

15. As a result of Defendant closing Plaintiff's Checking Account, Defendant mailed Plaintiff a check for what Defendant purports was the remaining balance on her Checking Account, a total of $430.09.

16. However, this remaining balance did not include the two check deposits that Defendant maintained on hold, which totaled $111,350.00.

17. When Plaintiff contacted Defendant to inquire about and demand the $111,350.00 that were deposited into Plaintiff's Checking Account but were not sent by Defendant via check, Defendant informed Plaintiff that her account had been closed.

18. Defendant further informed Plaintiff that the remaining balance in her Checking Account had already been sent to her.

19. Finally, Defendant informed Plaintiff that the deposits that were on hold totaling $111,350.00 had been debited from the Checking Account or returned.

20. At no point did Defendant provide Plaintiff with any explanation of where the $111,350.00 were debited to nor identifying to what entity they were returned to.

21. All that Defendant provided to Plaintiff was her Checking Account Statement from May 26, 2026, through June 25, 2026, which indicated that the $111,350.00 were withdrawn from

the Checking Account on June 23, 2026, but were never paid to her. *See* Checking Account Statement, **Exhibit 2**.

22. Defendant directed Plaintiff to contact the payor of the two checks totaling $111,350.00, IOM Investments LLC, so that it could make the appropriate claim through its bank.

23. Subsequently, Plaintiff contacted Samir and urged him to contact IOM Investments LLC's bank to inquire about the two checks.

24. When Samir contacted IOM Investments LLC's bank, Citizens Bank, the bank explained that both checks had been cleared from IOM Investments LLC's account and that the $111,350.00 had not been returned to the account.

25. To date, neither Plaintiff nor IOM Investments LLC is in possession of the $111,350.00.

26. Defendant has refused to provide Plaintiff with an explanation or records of where the $111,350.00 are being held and refuses to pay Plaintiff this sum, or any part of it.

**COUNT I – RECOVERY OF BANK DEPOSITS**

27. Plaintiff repeats and realleges paragraphs 1 through 26, as if fully set forth herein.

28. Before June 8, 2026, in the course of Defendant's banking business, subject to Plaintiff's order, Plaintiff deposited with Defendant $111,350.00 in its Checking Account.

29. Subsequently, Plaintiff demanded that Defendant pay Plaintiff the $111,350.00 that were deposited into her Checking Account without ever being paid to Plaintiff.

30. Defendant, however, refused, and continues to refuse, to pay Plaintiff the $111,350.00 from its Checking Account, or any part of it, to Plaintiff's damage.

**WHEREFORE**, Plaintiff Concepcion Castellanos de Renteria demands judgment against Defendant TD Bank, National Association for damages, in an amount to be determined at trial, costs, interest, and any other relief that the Court deems just and proper.

**COUNT II – VIOLATION OF FLA. STAT. § 655.059(2)(a)**

31. Plaintiff repeats and realleges paragraphs 1 through 26, as if fully set forth herein.

32. Defendant is a "financial institution," as defined in the Financial Institutions Codes. *See* § 655.005(1)(i), Fla. Stat.

33. A financial institution, like Defendant, must keep "correct and complete books of accounts." § 655.044(3), Fla. Stat.

34. An account holder, like Plaintiff, "has the right to inspect such books and records of a financial institution as pertain to her or his loans or accounts." § 655.059(2)(a), Fla. Stat.

35. On or around August 7, 2026, Defendant provided Plaintiff with her Checking Account Statement from May 26, 2026, through June 25, 2026. *See* **Ex. 2**.

36. However, Defendant has failed to give Plaintiff access to the complete books and records pertaining to her Checking Account.

**WHEREFORE**, Plaintiff Concepcion Castellanos de Renteria demands judgment against Defendant TD Bank, National Association ordering Defendant to produce the complete records of Plaintiff's Checking Account for inspection and copying, and granting any other relief that the Court deems just and proper.

**COUNT III – DECLARATORY JUDGMENT**

37. Plaintiff repeats and realleges paragraphs 1 through 26, as if fully set forth herein.

38. Pursuant to the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction," the Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

39. Since 2019, Plaintiff maintained a bank account with Defendant, the Checking Account.

40. In June 2026, Defendant closed the Checking Account. At the time, the account had in it the $111,350.00 that had been deposited (the "Funds").

41. Subsequently to the bank account's closing, Plaintiff demanded Defendant pay her the Funds.

42. Defendant refused, and continues to refuse, to transfer the Funds to Plaintiff.

43. Declaratory relief is proper since Plaintiff is in doubt as to her rights with respect to the Checking Account. In particular, Plaintiff seeks a declaration the Funds that were in the Checking Account are the property of Plaintiff.

44. Defendant seems to claim some right over the Funds that is adverse and antagonistic to the rights of Plaintiff. Thus, there is a bona fide, actual, present practical need for the declaration.

45. The declaration requested does not amount to mere legal advice, but rather seeks to resolve a present controversy as to the ownership of the Funds.

**WHEREFORE**, Plaintiff Concepcion Castellanos de Renteria demands judgment against Defendant TD Bank, National Association declaring that the Funds that were in the Checking Account are the property of Plaintiff, and granting any other relief that the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury of all issues so triable.

Dated: October 06, 2026

Respectfully submitted,

By: */s/Eduardo A. Maura*

Eduardo A. Maura, Esq.
Florida Bar No. 91303
eduardo@ayalalawpa.com
**Ayala Law, P.A.**
2490 Coral Way, Ste 401
Miami, FL 33145
P: (305) 570-2208
F: (305) 503-7206
*Counsel for Plaintiff*

EXHIBIT
1

1325

IOM INVESTMENTS LLC
7500 NW 25 Street #257
MIAMI, FL 33122
(941) 999-0024

6-7041/2410

DATE 05/27/2026

PAY TO THE ORDER OF Concepcion Castellanos de Renteria $ 40.000

Forty Thousand and 00/100 — DOLLARS

Citizens

MEMO

[redacted] 2161⑈ 1325

Account: [redacted]2161
Amount: 40,000.00
PostDate: 20260527
Tran_ID: 729160131
CheckNum: 0
DIN: 729160136
ReturnReasonCode:
ReturnReasonDescription:
Orig_DIN: 729160136
ECEItemSeqNum: 000000729160136

572135044161 133333 20260527 [redacted]161
TRN_DEBIT TAF5163 0.00
Doral 0021 94004 5721 0002 0028

Concepcion Castellanos de Lenteria
[redacted] 6260
only for deposit

NAME OF FINANCIAL INSTITUTION
DATE

Account: [redacted]2161
Amount: 40,000.00
PostDate: 20260527
Tran_ID: 729160131
CheckNum: 0
DIN: 729160136
ReturnReasonCode:
ReturnReasonDescription:
Orig_DIN: 729160136
ECEItemSeqNum: 000000729160136

1329

IOM INVESTMENTS LLC
7500 NW 25 Street #257
MIAMI, FL 33122
(941) 999-0024

6-7041/2410

DATE 06/02/2026

PAY TO THE ORDER OF Concepción Castellanos — $ 71,350 00/100

Seventy one thousand three hundred Fifty 00/100 DOLLARS

Citizens

MEMO

[redacted] 2161" 1329

Account: [redacted]2161
Amount: 71,350.00
PostDate: 20260602
Tran_ID: 545328301
CheckNum: 0
DIN: 545328306
ReturnReasonCode:
ReturnReasonDescription:
Orig_DIN: 545328306
ECEItemSeqNum: 000000545328306

572135044644 144314 20260602 [redacted]161
TRN_DEBIT TAS4764 0.00
Doral 0021 94004 5721 0008 0086

Concep[redacted]ión Castellanos
Only for deposit
[redacted]6260

Account: [redacted]2161
Amount: 71,350.00
PostDate: 20260602
Tran_ID: 545328301
CheckNum: 0
DIN: 545328306
ReturnReasonCode:
ReturnReasonDescription:
Orig_DIN: 545328306
ECEItemSeqNum: 000000545328306

EXHIBIT
2

Esto lo transfirió TD Bank en agosto 27

E STATEMENT OF ACCOUNT

CONCEPCION CASTELLANOS
8266 NW 116 AVE
DORAL FL 33178

Page: 1 of 3
Statement Period: May 26 2026-Jun 25 2026
Cust Ref #: [redacted]6260-650-E-***
Primary Account #: [redacted]6260

2026 Annual Privacy Notice

Privacy Notice: Our privacy notice describes how we collect, share and protect your personal information. It has not materially changed since May 2015. For a copy, go to tdbank.com/exc/pdf/privacy_shareinformation.pdf or call 888-937-1050.

## TD Convenience Checking

CONCEPCION CASTELLANOS

Account # [redacted]6260

ACCOUNT SUMMARY

| | | | |
|---|---|---|---|
| Beginning Balance | 550.09 | Average Collected Balance | 79,983.30 |
| Deposits | 111,350.00 | Interest Earned This Period | 0.00 |
| | | Interest Paid Year-to-Date | 0.00 |
| Electronic Payments | 120.00 | Annual Percentage Yield Earned | 0.00% |
| Other Withdrawals | 111,780.09 | Days in Period | 31 |
| Ending Balance | 0.00 | | |

| | Total for this cycle | Total Year to Date |
|---|---|---|
| Grace Period OD/NSF Refund | $0.00 | $0.00 |

If you would like written communication in an alternative accessible format, please contact us at 1-866-610-8501 Ext 2030 or dial 711 for TTY, Mon-Fri 9-6 EST. We offer Large Print, Accessible PDF, Braille (uncontracted or contracted) or Audio CD.

DAILY ACCOUNT ACTIVITY

**Deposits**

| POSTING DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 05/27 | DEPOSIT | 40,000.00 |
| 06/02 | DEPOSIT | 71,350.00 |
| | Subtotal: | 111,350.00 |

**Electronic Payments**

| POSTING DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 05/28 | TD ZELLE SENT, 614800H05SXT Zelle VICTORIA SPORT LLC | 120.00 |
| | Subtotal: | 120.00 |

**Other Withdrawals**

| POSTING DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 06/23 | DEBIT, obc-2498 CUE-2606004107 | 430.09 |
| 06/23 | DEBIT, 2606004107 Debit to chk | 111,350.00 |
| | Subtotal: | 111,780.09 |



Bank Deposits FDIC Insured | TD Bank, N.A. | Equal Housing Lender

# How to Balance your Account



**Begin by adjusting your account register as follows:**

- Subtract any services charges shown on this statement.
- Subtract any automatic payments, transfers or other electronic withdrawals not previously recorded.
- Add any interest earned if you have an interest-bearing account.
- Add any automatic deposit or overdraft line of credit.
- Review all withdrawals shown on this statement and check them off in your account register.
- Follow instructions 2-5 to verify your ending account balance.

1. Your ending balance shown on this statement is:
2. List below the amount of deposits or credit transfers which do not appear on this statement. Total the deposits and enter on Line 2.
3. Subtotal by adding lines 1 and 2.
4. List below the total amount of withdrawals that do not appear on this statement. Total the withdrawals and enter on Line 4.
5. Subtract Line 4 from 3. This adjusted balance should equal your account balance.

| | |
|---|---|
| Ending Balance | 0.00 |
| Total Deposits | + |
| Sub Total | |
| Total Withdrawals | |
| Adjusted Balance | |

| Total Deposits | Total Withdrawals |
|---|---|
| | |

FOR CONSUMER ACCOUNTS ONLY IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC FUNDS TRANSFERS:

If you need information about an electronic fund transfer or if you believe there is an error on your bank statement or receipt relating to an electronic fund transfer, telephone the bank immediately at the phone number listed on the front of your statement or write to:

**TD Bank, N.A., Deposit Operations Dept, P.O. Box 1377, Lewiston, Maine 04243-1377**

We must hear from you no later than sixty (60) calendar days after we sent you the first statement upon which the error or problem first appeared. When contacting the Bank, please explain as clearly as you can why you believe there is an error or why more information is needed. Please include:

- Your name and account number.
- A description of the error or transaction you are unsure about.
- The dollar amount and date of the suspected error.

When making a verbal inquiry, the Bank may ask that you send us your complaint in writing within ten (10) business days after the first telephone call.

We will investigate your complaint and will correct any error promptly. If we take more than ten (10) business days to do this, we will credit your account for the amount you think is in error, so that you have the use of the money during the time it takes to complete our investigation.

INTEREST NOTICE

Total interest credited by the Bank to you this year will be reported by the Bank to the Internal Revenue Service and State tax authorities. The amount to be reported will be reported separately to you by the Bank.

FOR CONSUMER LOAN ACCOUNTS ONLY BILLING RIGHTS SUMMARY

In case of Errors or Questions About Your Bill:

If you think your bill is wrong, or if you need more information about a transaction on your bill, write us at P.O. Box 1377, Lewiston, Maine 04243-1377 as soon as possible. We must hear from you no later than sixty (60) days after we sent you the FIRST bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights. In your letter, give us the following information:

- Your name and account number.
- The dollar amount of the suspected error.
- Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are unsure about.

You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we investigate your question, we cannot report you as delinquent or take any action to collect the amount you question.

FINANCE CHARGES: Although the Bank uses the Daily Balance method to calculate the finance charge on your Moneyline/Overdraft Protection account (the term "ODP" or "OD" refers to Overdraft Protection), the Bank discloses the Average Daily Balance on the periodic statement as an easier method for you to calculate the finance charge. The finance charge begins to accrue on the date advances and other debits are posted to your account and will continue until the balance has been paid in full. To compute the finance charge, multiply the Average Daily Balance times the Days in Period times the Daily Periodic Rate (as listed in the Account Summary section on the front of the statement). The Average Daily Balance is calculated by adding the balance for each day of the billing cycle, then dividing the total balance by the number of Days in the Billing Cycle. The daily balance is the balance for the day after advances have been added and payments or credits have been subtracted plus or minus any other adjustments that might have occurred that day. There is no grace period during which no finance charge accrues. Finance charge adjustments are included in your total finance charge.